MEADOWS, WYE & CO., J. A. DEKNATEL & SON *v.* UNITED STATES (No. 3661)[1]

---

[1] T.D. 46775.

United States Court of Customs and Patent Appeals, November 6,.
1933

Brown & Carter (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham, Jr.,.*
and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument October 2, 1933, by Mr. Carter and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT;.
Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the First Division of the·
United States Customs Court, Judge Brown dissenting, overruling·
the protest of the importers against the dutiable classification by the·
Collector of Customs of certain merchandise, claimed by the importers
to fall within the designation "* * * all ceramic and glass·
colors, fluxes, glazes, and enamels," provided for in paragraph 231 of
the Tariff Act of 1930, which was imported in the form of rods or canes,.
and classified by the collector under paragraph 218 (b) of said act.

The pertinent portions of the respective paragraphs at issue read::

PAR. 218. (b) Tubes (except gauge glass tubes), rods, canes, and tubing, with
ends finished or unfinished, for whatever purpose used, wholly or in chief value of·
glass, 65 per centum ad valorem; * * *.

PAR. 231. * * * all ceramic and glass colors, fluxes, glazes, and enamels,
all the foregoing, ground or pulverized, 30 per centum ad valorem; in any other·
form, 40 per centum ad valorem; * * *.

There were alternative claims in the protest but all were practically·
abandoned in the court below except that under paragraph 231,.
*supra,* and that is the only claim pressed before us.

The case was twice heard and considered by the court below, a·
rehearing having been granted after its first decision. The decision·
upon rehearing adhered to the first decision, Judge Brown dissenting·
from each.

In its first decision the trial court describes the exhibits and notes·
the invoice descriptions of the merchandise as follows:

Exhibit 1 is a sample from the shipment covered by entry 703763, invoiced·
as hard white glass canes of fusible enamel in diameter about 8 millimeters and'
about 26 inches long. This consists of a cylindrical stick of white opaque glass,.
a little over one fourth inch in diameter. Exhibit 2 represents the item on the·

invoice covered by entry 740959, "glass (fusible enamel) in cane form, Cornelian blanche." This is somewhat similar to exhibit 1, except it is translucent, and the white is about the color of the white in an opal. It was testified there is another item on this invoice, "Cornelian rouge," the same as exhibit 2, except it is a red color.

After reviewing the testimony at some length, the first majority opinion continues:

The proper classification of this merchandise is rather difficult under the facts shown by this record. Paragraph 218 (b) is all-embracing and specifically refers to tubes, rods, canes, and tubing, with ends finished or unfinished, *for whatever purpose used.* This is very comprehensive. Paragraph 231 covers all ceramic and glass colors, fluxes, glazes, and enamels, *in any other form whatever.* The evidence indicates that the merchandise may be used in making buttons and also for enameling purposes. It seems to us the all-comprehensive specifications of paragraph 218, "rods" and "canes" *for whatever purpose used,* more nearly fits this merchandise and covers its uses than paragraph 231. Admittedly the merchandise is rods and canes and is used for several purposes. The words "for whatever purpose used" in paragraph 218 (b) are ample to cover the uses specified by the witnesses in this case.

It seems to us paragraph 218 (b) more accurately covers and describes this merchandise than the heretofore-quoted portion of paragraph 231. (Italics quoted.)

In the dissenting opinion of Judge Brown it is said:

To sustain the defendant's position here would write the words in paragraph 218 [evidently 231 is meant] reading "in any other form" out of the law.

In the decision rendered upon rehearing, the majority, after quoting the above language from the first majority opinion, and after declaring the merchandise, as rods, to be, "regardless of their use, exactly and *eo nomine* provided for by paragraph 218 (b)," says:

* * * But admitting for the sake of argument that the provision of paragraph 231 covering "ceramic and glass colors, fluxes, glazes, and enamels" in any form whatever, or, in the words of the statute, "in any other form," than ground or pulverized, is equally applicable to these glass canes or rods, which we very much doubt, in such case we are governed by the provision in paragraph 1559, which states:

* * * If two or more rates of duty shall be applicable to any imported article, it shall be subject to duty at the highest of such rates.

Sixty-five percent being higher than 40 percent, under paragraph 1559 we must hold the merchandise dutiable under paragraph 218 (b) at the former rate.

Judge Brown's second dissenting opinion, after declaring in effect that the articles should be found to be fusible enamel imported in rod form, says:

* * * The expression in paragraph 218 (b) for rods for whatever purpose used means used for the purposes of a rod and not ground up for some other use. It is plainly less specific as applied to this merchandise than the provision for fluxes or enamels in any other form. The latter provision shows a plain intent to tax all fluxes and enamels at 40 percent whether they appear in rod form or otherwise.

The contention of appellants before us is that Congress has distinguished between glass in general and glass glazes and enamels, a particular form of glass, and set the group of enamels off as a separate tariff entity, and that, therefore, the rule of relative specificity is not applicable. It is insisted that—

It is well established that the strict technical rule of relative grammatical specificity is not applicable where Congress has selected a certain group of articles with the purpose that they be classified together.

Many authorities are cited which are claimed to support appellants' contentions in these respects.

The Government in its presentation of the case before this court stands upon the *eo nomine* provision for glass rods or canes, "for whatever purpose used," in paragraph 218 (b), and points out that in the Tariff Act of 1922 Congress provided in paragraph 231 for certain glass rods, but that "rods" were omitted from the paragraph in the Tariff Act of 1930. It is insisted that, by this omission, Congress "demonstrates its full intent to remove all glass rods, for tariff purposes, from the provisions of paragraph 231 of the Tariff Act of 1930."

In this connection the Government presents certain matters of legislative history. This latter seems not to have been presented before the trial court. The matter comprises statements made before a subcommittee of the Senate Finance Committee, while the bill which eventuated in the 1930 tariff act was under consideration, by a representative of certain domestic glass-manufacturing interests, and a colloquy between certain Senators, together with amendments adopted in the Senate, when the measure was before that body.

As to this legislative history, we may here say that, waiving any question of whether there is such ambiguity in the paragraphs at issue as to justify resort to it for aid in their construction, we have examined same and our impression is that whatever bearing it might be held to have relates to the last clause of paragraph 231, and that clause is not involved here. Under the view which we take of the case, however, a definite finding upon the effect of the legislative history is not necessary.

A second contention of the Government is that—

Appellants have failed to sustain the burden of proof to establish by competent and convincing evidence that the collector's classification and assessment of duty was wrong, and their claim was right.

It is our opinion that whatever may be the situation with reference to the Government's other contentions, the one immediately above quoted must be held to be well taken.

We have made a very careful examination of the testimony and have considered it fully in connection with the exhibits, and it is our conclusion that, even if it be held that the words "for whatever purpose used", appearing in paragraph 218 (b), *supra*, should be con-

strued to mean used "for the purpose of a rod", as is held by the dissenting judge, to be the law, appellants have failed to show that the imported merchandise does not have a rod use sufficient to bring it within that paragraph.

We do not overlook the significance of the words "in any other form", as used in paragraph 231, *supra,* and were it shown by the record that there is not a rod or cane use for the rods or canes involved a different question might confront us, but, while the testimony on behalf of appellants is generally to the effect that the merchandise is fusible enamel and used as such, there is no negativing of the idea that it is also rods having a use as rods. In the absence of proofs to this effect we think the presumption of correctness attaching to the collector's classification is controlling.

The judgment of the Customs Court is *affirmed.*